Filed 12/18/20  P. v. Strong CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER STRONG,<br><br>        Defendant and Appellant. | C091162<br><br>(Super. Ct. No. 11F06729) |

Defendant Christopher Strong appeals from the trial court's order dismissing his petition for resentencing brought pursuant to Penal Code section 1170.95.[1]  Defendant argues the trial court erred when it determined that his convictions for first degree murder with robbery, burglary, and multiple-murder special circumstances precluded his eligibility for relief.  Noting that the trial court had jurisdiction to consider the order

---

[1] Undesignated statutory references are to the Penal Code.

1

despite its announcement to the contrary, we construe the order dismissing the petition as an order denying the petition, and we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

*Defendant's Convictions*

In 2014 a jury found defendant guilty of two counts of first degree murder (§ 187) and found true three special circumstance allegations of robbery murder (§ 190.2, subd. (a)(17)), burglary murder (§ 190.2, subd. (a)(17)), and multiple murder (§ 190.2, sub. (a)(3)).

In its charge to the jury at the conclusion of the parties' presentations, the trial court included CALCRIM No. 703 (Special Circumstances: Intent Requirement for Accomplice After June 5, 1990—Felony Murder (Pen. Code, § 190.2(d))), which told the jury that if it found defendant was not the actual killer, in order to prove the special circumstances true: "[T]the People must prove either that the defendant intended to kill, or the People must prove all of the following:

"1. The defendant's participation in the crime began before or during the killing;

"2. The defendant was a major participant in the crime;

"AND

"3. When the defendant participated in the crime, he/she acted with reckless indifference to human life."[2]

The convictions resulted from an attempted home invasion robbery of a drug dealer by defendant and his codefendant, Donald Ortez-Lucero. During the robbery, Ortez-Lucero shot and killed a man and his infant son.[3] (*People v. Ortez-Lucero et al.*

---

[2]  The record does not include the jury instructions given at trial, but defendant acknowledges the jury was instructed with CALCRIM No. 703.

[3]  The Attorney General requests we take judicial notice of our opinion from the direct appeal of defendant's case. Defendant does not object to the request. We will grant the

(Dec. 27, 2017, C076606) [nonpub. opn.] slip. opn. at pp. 2-3.)  We affirmed the judgment on appeal.  (*Id.* at pp. *2, *32.)

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

---

request and take judicial notice of the opinion.  (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

3

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

*Defendant's Petition*

In 2019 defendant, through counsel, filed a form petition for resentencing pursuant to section 1170.95.  He declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he was convicted of first degree or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, and he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189.  Counsel attached briefing detailing defendant's sentence and requesting resentencing.  As relevant here, the

4

People responded that defendant was ineligible for relief because the special circumstance, found true, described that defendant was the actual killer, intended to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life.

The trial court dismissed the petition in a written order. The court found in relevant part that defendant "fail[ed] to show in any of the pleadings filed by himself or by his counsel, that he is eligible for relief under Penal Code § 1170.95. In Case No. 11F06729, he was convicted of two counts of Penal Code § 187 first degree murder, with three special circumstances -- Penal Code § 190.2(a)(17) robbery-murder; Penal Code § 190.2(a)(17) burglary-murder; and Penal Code § 190.2(a)(3) multiple murder -- unanimously found true by a jury beyond a reasonable doubt with regard to each of the two murders. In so finding, the jury necessarily found that defendant Strong either was the actual killer, intended to kill, or was a major participant who acted in the robbery and burglary with reckless indifference to human life, as the jury was specifically instructed with CALCRIM no. 703 with regard to all three of the special circumstances. Defendant Strong does not show otherwise. [¶] In an opinion issued on December 27, 2017, the Third District Court of Appeal affirmed the judgment on appeal. Defendant Strong did not raise any claim under People v. Banks (2015) 61 Cal.4th 788 or People v. Clark (2016) 63 Cal.4th 522, even though those opinions had long been issued during the pendency of defendant Strong's appeal. The Third District issued its remittitur on the appeal on April 12, 2018, rendering the judgment against defendant Strong final in Case No. 11F06729. [¶] This court's underlying file for Case No. 11F06729 does not indicate that there has been any subsequent post-conviction proceeding in which any or all of the special circumstances have been vacated or defendant Strong resentenced in any manner for any reason."

The order concluded: "As Penal Code §§ 187 and 189 still provide for first degree murder based on robbery-murder and burglary-murder, when the trier of fact has found

5

beyond a reasonable doubt that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the robbery with reckless indifference to human life, and as a unanimous jury in Case No. 11F06729 necessarily found that to be so beyond a reasonable doubt with regard to each of the two first degree murders, and as it does not appear that there has been any post-conviction proceeding in which it was ordered that defendant Strong's special circumstance findings be vacated in Case No. 11F06729, defendant Strong is ineligible for the relief he seeks. Under these circumstances, it is simply beyond a reasonable doubt that defendant Strong would have been convicted of first degree murder on both counts even if the SB 1437 amendments to Penal Code §§ 188 and 189 had been effective at the time of his trial." The court then dismissed the petition, which we construe as a denial thereof.

## DISCUSSION

Defendant argues the trial court erred when it determined the special circumstance findings from his 2014 trial conclusively established that he was a "major participant who acted in the robbery and burglary with reckless indifference to human life." He posits that because the definitions of "major participant" and "reckless indifference to human life" were clarified by our Supreme Court *after* the jury made its findings, in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the special circumstance findings from his trial are potentially invalid. Relying on *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011 (*Torres*), defendant asserts *Banks* and *Clark* require further litigation of his case to determine his eligibility for relief.

The Attorney General responds that *Torres* was wrongly decided, and although *Banks* and *Clark* enabled defendants to file new habeas petitions attacking their special circumstance convictions, "section 1170.95 does *not* provide defendants with a generalized collateral attack on their convictions." Rather, a defendant must first seek

6

habeas relief on a special circumstance conviction and, if successful, can then proceed through the section 1170.95 process.[4]

After the close of briefing in this case, the Fourth Appellate District, Division One in *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033 (*Gomez*), and the Second Appellate District, Division One in *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*), issued opinions supportive of the Attorney General's position. (See also *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S267978.) More recently, Division Five of the Second Appellate District, in *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954 (*York*), followed *Torres* and criticized *Galvan*. (See also *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 26, 2020 S262835.) The Second Appellate District, Division One then issued *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*) in direct response to *York*. (*Allison* at p. 449.) Most recently, the Fourth Appellate District, Division Two, followed *Allison* in *People v. Jones* (2020) 56 Cal.App.5th 474, as did the Second Appellate District, Division Two, in *People v. Nunez* (2020) 57 Cal.App.5th 78.

Although certain of those cases also concern the appropriate stage in the section 1170.95 proceedings for appointment of counsel, an issue that is now pending before our Supreme Court in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598, this case does not. Here, petitioner was represented by counsel at all times. The issue here is solely whether defendant was able to challenge the continued viability of the jury's special circumstance findings in a petition brought pursuant to

---

[4] As the trial court noted, defendant did not challenge the special circumstance findings on direct appeal. At the time the trial court issued its order, defendant had filed a petition for habeas corpus in federal court. That case is currently stayed under *Rhines v. Weber* (2005) 544 U.S. 269, pending the completion of this appeal. (*Strong v. Foss* (E.D.Cal. Mar. 19, 2020, No. 2:19-cv-01268 KJM GGH P) 2020 U.S.Dist.LEXIS 48864, at *1-2.)

section 1170.95.  We find *Galvan* and *Allison* more persuasive than the cases to the contrary.

Our Supreme Court's decisions in *Banks* and *Clark* clarified "what it means for an aiding and abetting defendant to be a 'major participant' in an underlying felony and to act with 'reckless indifference to human life,' [and] construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*Torres*, *supra*, 46 Cal.App.5th at p. 1179; see also *Galvan*, *supra*, 52 Cal.App.5th at p. 1141.)  In *Galvan* the appellate court acknowledged these changes to section 190.2, subdivision (d) and considered whether a defendant could relitigate his special circumstance conviction using section 1170.95. (*Galvan*, *supra*, 52 Cal.App.5th at p. 1141.)  There, as here, the defendant was convicted of first degree murder with a special circumstance finding under section 190.2, subdivision (a)(17) made before *Banks* and *Clark* were decided. (*Galvan,* at pp. 1138-1139.)  On appeal, the defendant, like defendant here, argued that *Banks* and *Clark* had altered the meaning of "major participant" and "reckless indifference to human life" such that he was entitled to reconsideration of the conviction under section 1170.95. (*Id.* at p. 1137.)

The *Galvan* court first considered the relevant statutory language:  "In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder *because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437*." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142, italics added; § 1170.95, subd. (a)(3) (italics added.)  The court concluded that as to Galvan the requirement was not met, because "[a]lthough [the defendant] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*.  Nothing about those requirements changed as a result of Senate Bill No. 1437.  Just as was the case before that law went into effect, the special circumstance applies to defendants who

were major participants in an underlying felony and acted with reckless indifference to human life. If [the defendant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan*, at p. 1142.)

The *Galvan* court also observed that permitting defendants to relitigate a special circumstance finding by way of a section 1170.95 petition would "give [them] an enormous advantage over other similarly situated defendants based solely on the date of [their] conviction." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142.) "Defendants convicted after the Supreme Court issued its decisions in *Banks* and *Clark* would be required to challenge the sufficiency of the evidence of the special circumstance finding on direct appeal, where the People would need only to show that substantial evidence supported that finding." (*Id.* at pp. 1142-1143.) Defendants convicted before *Banks* and *Clark*, on the other hand, could challenge the special circumstance findings under section 1170.95, which would require the prosecution "to prove the special circumstance beyond a reasonable doubt." (*Galvan,* at p. 1143.) "[N]othing in the language of Senate Bill No. 1437 suggests that the Legislature intended unequal treatment of such similarly situated defendants." (*Ibid.*)

Defendant urges us to follow *Torres*, *supra*, 46 Cal.App.5th 1168, which reversed the denial of a section 1170.95 petition based on the changes made by *Banks* and *Clark*. In *Torres*, as in this case and *Galvan*, the defendant was convicted of first degree murder with a special circumstance finding under section 190.2, subdivision (a)(17). (*Torres*, at p. 1172.) The *Torres* court concluded the summary denial of the defendant's petition based on the pre-*Banks*/*Clark* special circumstance finding raised the "possibility that [the defendant] was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of [the defendant's] constitutional right to due process" and, as relevant here, reversed and remanded. (*Id.* at p. 1180.)

9

Torres had already sought habeas relief, claiming the special circumstance finding was no longer valid; his petition for relief had been denied. (*Torres*, *supra*, 46 Cal.App.5th at p. 1180, fn. 4.) The appellate court considered whether that habeas petition precluded the section 1170.95 petition, but did not opine on whether habeas relief was more appropriate in light of section 1170.95's statutory language.

In *York*, *supra*, 54 Cal.App.5th 250, the appellate court did consider whether a habeas petition was a preferable route to relief. (*Id.* at pp. 258-259.) The *York* court reviewed the language of section 1170.95, subdivision (d)(2), which provides a streamlined path to relief under section 1170.95 if a defendant has "a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." Because the statute does not include a counterpart to this subdivision accounting for a situation where there is a prior finding that a petitioner *did* act with reckless indifference to human life and *was* a major participant in the underlying felony, the court reasoned such a finding should not preclude a petitioner from relief. (*York*, at pp. 260-261.) The court concluded *Galvan* was incorrect when it concluded the defendant there could only avail himself of relief "because of" *Banks* and *Clark*, rather than Senate Bill No. 1437. Absent Senate Bill No. 1437, a successful *Banks* and *Clark* challenge would invalidate only the special circumstance finding, whereas a successful section 1170.95 petition would invalidate a murder conviction. (*York*, at p. 261.)

The *Allison* court addressed *York* after ordering briefing on the precise issue here: "Whether the trial court properly relied on [the defendant's] admission of felony-murder special circumstances (§ 190.2, subd. (a)(17)) as the sole basis for finding that he had not made a prima facie showing that he was entitled to relief." (*Allison, supra*, 55 Cal.App.5th at p. 456.) The *Allison* court first emphasized that section 1170.95 requires a prima facie showing by petitioner that he " '*could not* be convicted of . . . murder because of changes to Section 188 or 189 made' in Senate Bill No. 1437." (*Allison,* at p. 456.) It

10

noted that the requirements for a finding of felony murder under the newly amended version of section 189 were *identical* to the requirements of the felony-murder special circumstance that had been in effect at the time of the challenged murder conviction (in the *Allison's* case, 1997; in the instant case, 2014). (*Allison*, at p. 456.) Thus, the special circumstance finding showed "as a matter of law that Allison *could* still be convicted of felony murder even under the newly amended version of section 189" and precluded a prima facie showing of eligibility. (*Id.* at p. 457)

The *Allison* court disagreed with the argument to the contrary embraced by *York*, that because no court had examined whether there was a factual basis for the special circumstance finding since *Banks* and *Clark* were decided, the finding was insufficient to show ineligibility as a matter of law. (*Allison, supra*, 55 Cal.App.5th at p. 457.) We agree with the *Allison* court that *Banks* and *Clark* did not change the law, but merely clarified the same principles that existed earlier. (See *ibid*; see also *In re Miller* (2017) 14 Cal.App.5th 960, 978.) As the *Allison* court noted, the pattern jury instructions remain the same; *Banks* and *Clark* merely resulted in the addition of *optional* language thereto. (*Allison, supra*, 55 Cal.App.5th at p. 457.)

We further observe that the language in section 1170.95, subdivision (d)(2) anticipates, rather than precludes, the possibility of habeas relief before a section 1170.95 petition because one way to obtain a "prior finding" that meets the subdivision's requirements is via habeas. (*In re Ramirez* (2019) 32 Cal.App.5th 384, 406.) If a defendant has successfully obtained such relief, the trial court is mandated to vacate the petition, providing the petitioner access to section 1170.95 relief once they have obtained habeas relief. Nothing precludes relief under section 1170.95; the language simply presumes a petitioner will pursue alternative relief first.

We find the *Allison* court's responses to *York* persuasive, and the analyses of *Allison* and *Galvan,* considered together, convince us that the appropriate avenue for defendant's challenge to the special circumstance allegations is through a petition of

11

habeas corpus, rather than the section 1170.95 petition filed in this case. (*In re Miller, supra,* 14 Cal.App.5th at p. 979 [permitting habeas challenge to special circumstance conviction].) The trial court did not err when it denied defendant's petition.

## DISPOSITION

The trial court's order dismissing defendant's petition under section 1170.95 is construed as a denial thereof and, as such, is affirmed.


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Hull, Acting P. J.


_____/s/_____
Murray, J.